UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CONAN DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO: 1:20-cv-2138 |
| | ) |
| KLOECKNER METALS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, Conan Davis ("Davis"), by counsel, brings this action against the Defendant, Kloeckner Metals Corporation ("Kloeckner"), for unlawfully violating his rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, and 42 U.S.C. § 1981 ("§ 1981").

### PARTIES

1. Davis has resided within the Southern District of Indiana for all times relevant to this Complaint.

2. Kloeckner continuously operates and conducts business within the Southern District of Indiana.

### JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000(e)-5(f)(3).

4. Kloeckner is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

5. Davis was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6. Davis satisfied his obligations to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Davis received his "Dismissal and Notice of Rights" and now timely files his lawsuit.

7. Venue is proper in this Court as a majority of the complained of actions occurred within the boundaries of the Southern District of Indiana, Indianapolis Division.

## FACTUAL ALLEGATIONS

8. Davis is an African-American former employee of Kloeckner.

9. Davis began his tenure with Kloeckner on or about June 6, 2017.

10. At all times relevant to this Complaint, Davis met or exceeded the legitimate performance expectations of Kloeckner.

11. Davis began his time with Kloeckner as a welder and, due to his outstanding performance, was promoted to group lead on the second shift in or about the winter of 2018.

12. Davis was subjected to disparate treatment under Kloeckner's policies due to his race, African American.

13. On or about May 23, 2019, a Caucasian employee, Andrew Bristol, walked off of the job and abandoned his position. Davis reported this up the chain of command to Mark Flintcraft. Bristol was given a single day suspension and still received holiday pay for the Memorial Day holiday.

14. Upon information and belief, Bristol had prior write ups for attendance and/or tardies.

15. Davis made it clear to Kloeckner's management employees, Flintcraft and Todd O'Neil, that Bristol should have been terminated for job abandonment.

16. Approximately one week later, and on or about June 5, 2019, Davis was placed on a three day suspension allegedly for coming back from lunch 15 minutes late in April, 2019. Oddly, Kloeckner waited approximately 2 months to bring any discipline for Davis' alleged tardy.

17. Thereafter, Davis was terminated for an alleged violation of company rules.

18. The alleged rule that Davis violated was leaving the company premises for lunch breaks during his shift.

19. Upon information and belief, other similarly situated, Caucasian and/or non-African American employees were permitted, or tolerated, to leave Kloeckner's premises for their lunch breaks.

20. Kloeckner has provided unwarranted and excessive discipline to Davis based upon its discriminatory application of its attendance policy.

21. Kloeckner has provided unwarranted and excessive discipline to Davis based upon its discriminatory application of its lunch break policy.

22. Kloeckner has shown a clear bias in favor of Caucasian employees and against African-American employees.

23. Kloeckner's actions are intentional, willful, and in reckless disregard of Davis's rights as protected by Title VII of the Civil Rights Act of 1964, by treating him less favorably than its Caucasian and/or non-African American employees.

24. Kloeckner's actions are intentional, willful, and in reckless disregard of Davis' rights as protected under 42 U.S.C. § 1981, by treating him less favorably than its Caucasian and/or non-African American employees.

25. Davis has been, and continues to be, harmed by Kloeckner's actions and/or inactions.

26. All of Kloeckner's purported reasons for taking any adverse employment actions against Davis are pretext.

## CAUSES OF ACTION

### COUNT I – TITLE VII – RACE DISCRIMINATION

27. Davis hereby incorporates paragraphs 1-26 of his Complaint as if fully set forth herein.

28. Kloeckner subjected Davis to adverse employment actions based upon his race, African American.

29. Kloeckner afforded more favorable treatment to similarly situated employees who were Caucasian.

30. Kloeckner's actions were intentional, willful, and done in reckless disregard of Davis' rights under Title VII.

31. Davis has been, and continues to be, harmed by Kloeckner's actions and/or inactions.

### COUNT II - § 1981 – RACE DISCRIMINATION

32. Davis hereby incorporates paragraphs 1-31 of his Complaint as if fully set forth herein.

33. Kloeckner subjected Davis to adverse employment actions based upon his race, African American.

34. Kloeckner afforded more favorable treatment to similarly situated employees who were Caucasian.

35. Kloeckner's actions were intentional, willful, and done in reckless disregard of Davis' under § 1981.

36. Davis has been, and continues to be, harmed by Kloeckner's actions and/or inactions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Conan Davis, by counsel, respectfully requests that this Court find for him and order that:

1. Kloeckner pay lost wages and benefits to Davis;

2. Kloeckner reinstate Davis or pay front pay in lieu thereof;

3. Kloeckner pay compensatory and punitive damages to Davis;

4. Kloeckner pay pre- and post-judgment interest to Davis;

5. Kloeckner pay Davis's attorneys' fees and the costs incurred in litigating this action; and

6. Kloeckner pay to Davis any and all other legal and/or equitable damages that this Court determines are just and appropriate.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Shannon L. Melton, Attorney No. 29380-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:	(317)955-9500
Facsimile:	(317)955-2570
Email:	jhaskin@jhaskinlaw.com
Email:	smelton@jhaskinlaw.com

Attorneys for Conan Davis

**DEMAND FOR JURY TRIAL**

Plaintiff, Conan Davis, by counsel, respectfully requests a jury trial for all issues deemed triable.

John H. Haskin, Attorney No. 7576-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:	(317)955-9500
Facsimile:	(317)955-2570
Email:	jhaskin@jhaskinlaw.com
Email:	smelton@jhaskinlaw.com